IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIA SIMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-2532 |
| | § | |
| WARDEN JOYCE FRANCIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM ON DISMISSAL**

Petitioner, Patricia Sims, brings this action seeking habeas corpus relief under 28 U.S.C. § 2241. The Petitioner is presently in the custody of the Federal Bureau of Prisons (BOP). She is incarcerated in the Federal Prison Camp in Bryan, Texas. The district court sentenced petitioner to an 18-month prison term on January 10, 2005.

Petitioner's assertions follow. She claims that she is eligible for placement in a Community Confinement Center (CCC), also known as a halfway house, based on BOP policy. In December 2002, the Department of Justice (DOJ) determined the BOP's placement policy for CCC facilities was illegal because it allowed prisoners to spend more time in a CCC than 18 U.S.C. § 3621(b) and § 3624(c) authorized. Petitioner claims the DOJ's determination is illegal and she should be placed in a CCC under the BOP's policy in effect prior to December 2002.

Federal inmates seeking relief concerning the execution of their sentence must

exhaust their administrative remedies. *See United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990). Exhaustion in this context requires that the claimant first exhaust administrative remedies through the BOP. *Id*. Petitioner maintains she is not required to exhaust her administrative remedies because exhaustion would be futile.

Petitioner cited an Eighth Circuit opinion where the government waived exhaustion as futile in a case involving the claim Petitioner raises here. *See Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004). Petitioner also cited some district court cases where the court proceeded to the merits of the claim after finding exhaustion would be futile. *See e.g., Fagiolo v. Smith*, 326 F. Supp. 2d 589 (M.D.Pa 2004).

The futility exception applies "where the available administrative remedies either are unavailable or wholly inappropriate .... or .... such remedies would .... be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). This exception applies only in extraordinary circumstances. *Id*. Furthermore, the petitioner bears the burden of showing the futility of exhausting the administrative remedies. *Id*.

Petitioner points out several cases where the prisoner obtained relief from a district court and even instances where the BOP granted prisoners relief on Petitioner's claim under settlements. The latter belies Petitioner's claim of futility. More important, the BOP has recently promulgated a new policy on CCC placement in place of the policy Petitioner challenges. *See Community Confinement*, 70 Fed. Reg. 1659

(Jan. 10, 2005); *see also Bilinsky v. Federal Bureau of Prisons*, 2005 WL 1475558 (D. N.J. June 22, 2005) (denying relief in a challenge to the December 2002 CCC placement policy considering the new policy). Petitioner has not shown that exhaustion would be futile.

Accordingly, it is ORDERED that this cause of action be DISMISSED without prejudice for failure to exhaust administrative remedies.

SIGNED at Houston, Texas, on this 28th day of July, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge